IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YVONNE D'AMELIO, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 16-3055 (JBS/JS) |
| INDEPENDENCE HEALTHCOM<br>STRATEGIES GROUP, INC., et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE, Chief Judge:**

Plaintiff Yvonne D'Amelio brings this suit against
Independence Healthcom Strategies Group, Inc., f/k/a Vox Medica,
Inc.; Institute for Continuing Healthcare Education, Inc.;
Transit of Venus, LLC; Independence Healthcom Strategies Group
2, LLC; Vox Media 2, LLC; Institute for Continuing Healthcare
Education 2, LLC; Transit of Venus 2, LLC; Calcium USA; and
fictitious entities ABC Corps. 1-100, alleging that Defendants
owe Plaintiff, the former Chief Financial Officer of Vox Medica,
over $1.7 million arising from her sale of stock in Vox Medica
and a Consulting Agreement with Healthcom Strategies 2. Pending
before the Court is Defendants' motion to dismiss under Fed. R.
Civ. P. 12(b)(1) for lack of subject matter jurisdiction [Docket
Item 3]. For the reasons explained below, the Court will grant
Defendants' motion. The Court finds as follows.

1.    **Background.**[1]   The facts set forth in Plaintiff's
Complaint are straightforward. Plaintiff was the Chief Financial
Officer of Vox Medica. (Compl. ¶ 13.) Plaintiff sold her shares
of stock in Vox Medica for $2,612,500 to the company's remaining
shareholders pursuant to an agreement effective March 31, 2010,
but to date, over $1,600,000 remains outstanding on that debt.
(Id. ¶¶ 14-18.) Plaintiff alleges that Vox Medica has since
merged or affiliated with Healthcom Strategies, CIHE, Transit of
Venus, Healthcom Strategies 2, Vox Medica 2, CIHE 2, Transit of
Venus 2, Calcium USA, and other companies, and that all
Defendants have refused to pay even a reduced amount on the
debt. (Id. ¶¶ 16-19.) Plaintiff also entered into a Consulting
Agreement with Healthcom Strategies 2 for $200,000 for the term
of July 1, 2014 through December 31, 2015. (Id. ¶¶ 20-22.)
Despite making a demand for full payment, Plaintiff has only
been paid $68,750 on that contract. (Id. ¶¶ 24-26.) Plaintiff
avers that these actions constitute breach of contract, breach
of the implied covenant of good faith and fair dealing, and
unjust enrichment.

---

[1] For purposes of the pending motion, the Court accepts as true
the version of events set forth in Plaintiff's Complaint,
documents explicitly relied upon in the Complaint, and matters
of public record.  See Schmidt v. Skolas, 770 F.3d 241, 249 (3d
Cir. 2014).

2.    Plaintiff alleges that this Court has diversity of citizenship jurisdiction over her suit pursuant 28 U.S.C. § 1332. She avers that she is a citizen of New Jersey and that all named Defendants are citizens of Pennsylvania, and that the amount in controversy exceeds $75,000. (Id. ¶¶ 1-12.) Plaintiff does not allege that she has any claims arising under the Constitution, laws, or treaties of the United States that would bring this matter under the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. In their motion to dismiss, Defendants argue that this case must be dismissed for lack of jurisdiction because Plaintiff has inadequately plead the citizenship of all parties to the case.

3.    **Standard of Review.** A party may move under Fed. R. Civ. P. 12(b)(1) to dismiss a complaint for lack of jurisdiction. Because federal courts are courts of limited jurisdiction, the party seeking to invoke the court's jurisdiction bears the burden of proving the existence of subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Under Rule 12(b)(1), the court's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of a jurisdictional fact). Gould Elecs. v. U.S., 220 F.3d 169, 178 (3d Cir. 2000); see also A.D. v. Haddon Heights Bd. of Educ., 90 F. Supp. 3d 326, 334 (D.N.J. 2015)

3

(explaining the same distinction). Where, as here, a defendant raises only facial challenges to jurisdiction, a court "must only consider the allegations of the complaint and documents referenced therein and attached thereto." Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

    4.  **Discussion.** In establishing federal diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must show not only diversity of citizenship, but also that the amount in controversy exceeds $75,000 exclusive of interests and costs. 28 U.S.C. § 1332(a). To satisfy statutory diversity jurisdiction, each plaintiff must be a citizen of a different state from each defendant. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). Defendants argue that the Complaint fails to adequately set forth the citizenship of all parties to this case – individuals, corporations, limited liability companies, and fictitious parties. As follows, the Court agrees.

    5.  An individual is the citizen of a state in which he is domiciled, or where the individual resides and intends to remain. Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010). "[M]ere residency in a state is insufficient for purposes of diversity. . . The fact of residency must be coupled with a finding of intent to remain indefinitely." Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) (citing Sun Printing and Publishing Ass'n v. Edwards, 194 U.S. 377 (1904)).

The Complaint alleges that Plaintiff "is an individual with an address" in New Jersey, answering only half of the domicile inquiry. (Compl. ¶ 1.) Accordingly, the Complaint does not adequately establish Plaintiff's citizenship.

6.   A corporation is the citizen of both the state in which it is incorporated and where it has its principal place of business. 28 U.S.C. §1332(c)(1). The Complaint names two corporations as defendants, Healthcom Strategies Group, Inc. f/k/a Vox Medica, Inc. and Institute for Continuing Independence Healthcare Education, Inc., and alleges that both have "a principal place of business" in Pennsylvania. (Compl. ¶¶ 2-3.) Again, by leaving out the state of incorporation for each corporation, the Complaint answers only half of the relevant citizenship inquiry. Plaintiff's attempt to cure this deficiency by arguing in her opposition papers that "upon information and belief those corporate defendants are Pennsylvania corporations" and appending to her brief records from the Pennsylvania Department of State cannot overcome her error. It is well-settled that "a plaintiff may not amend the complaint through arguments in a brief." Cheeseman v. Baxter Healthcare Corp., Case No. 08-4814, 2009 WL 1351676, at *4 (D.N.J. May 13, 2009) (quoting Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir. 1996)). For this reason, Plaintiff has failed to establish the citizenship of two of the named defendant corporations.

7.    Plaintiff also fails to establish the citizenship of the other named defendants, all limited liability corporations. "[T]he citizenship of an LLC is determined by the citizenship of its members . . . traced through however many layers of partners or members there may be." Zambelli Fireworks, 592 F.3d at 420. The Complaint names six LLCs as defendants (Transit of Venus, LLC, Independence Healthcom Strategies Group 2, LLC, Vox Medica 2, LLC, Continuing Institute Healthcare Education 2, LLC, Transit of Venus 2, LLC, and Calcium USA) and alleges that all have "a principal place of business" in Pennsylvania. (Compl. ¶¶ 4-9.) Plaintiff concedes in her briefing that she "does not have knowledge of each of the LLC's members and their respective states of citizenship" but argues that, because it is her "belief that none of the members are citizens of New Jersey," this deficiency is immaterial. While it may suffice for a plaintiff to "allege that the defendant is not a citizen of the plaintiff's state of citizenship" in some cases,[2] Lincoln Ben.

---

[2] Rule 11 requires that "a party must conduct a reasonable inquiry into the facts alleged in its pleadings." Lincoln Ben., 800 F.3d at 108. In the case of pleading the citizenship of an unincorporated association's members, Rule 11 requires that a party "consult the sources at its disposal, including court filings and other public records" before making conclusory, good faith allegations of complete diversity. Id. This opens the door to the unincorporated association, "which is in the best position to ascertain its own membership," to mount a facial challenge to jurisdiction "by identifying any member who destroys diversity." Id.

Life Co. v. AEI Life, LLC, 800 F.3d 99, 107 (3d Cir. 2015), the Court cannot consider such allegations where they appear in Plaintiff's briefing and not in her Complaint. As Plaintiff's allegations appear in the Complaint, she has neglected to make even conclusory allegations to satisfy the citizenship inquiry for an LLC.

8.   Finally, Plaintiff also names "ABC Corps. 1-100" as defendants in her Complaint, but makes no allegations as to the citizenship of each of these fictitious defendants. While it is clear that the citizenship of defendants sued under fictitious names is disregarded in diversity cases removed from a state court, see 28 U.S.C. § 1441, the Third Circuit has yet to indicate how the presence of fictitious defendants affects original diversity jurisdiction. If Plaintiff chooses to name such John Doe defendants in a diversity case, the Court will lack diversity jurisdiction if the John Doe defendant is a citizen of the same state as the plaintiff. To identify the John Doe defendant as a non-diverse party will serve to defeat the jurisdiction of the court. No useful purpose is served by pleading a John Doe defendant who may be non-diverse. This Court need not decide the proper pleading standard for a John Doe corporation since it is already clear that Plaintiff fails to allege proper grounds for diversity jurisdiction even as to the named corporate and limited liability corporations. The

Complaint must be dismissed without prejudice for lack of subject matter jurisdiction.

9.    The dismissal of Plaintiff's Complaint will operate without prejudice to her right to amend the Complaint within thirty (30) days to cure the jurisdictional defects and also make any other amendments she chooses.

10.    The accompanying Order is entered.

**November 22, 2016**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge